## METHOD OF LISTING BANK SHARES.

Circuit Court for Lorain County.

C. M. Irish v. T. W. Fancher and C. M. Irish v. T. W. Fancher.

Decided, April 29, 1908.

*Taxes—Bank Shares—Insolvency of Bank.*

Taxes on shares of stock in an insolvent banking corporation can not be collected from the assignee in insolvency of such corporation.

Marvin, J.; Winch, J., and Henry, J., concur.

Two cases under this title are on our docket; the one a proceeding in error to the judgment of the court of common pleas and the other an appeal from the same judgment. Suit was brought by Irish, as treasurer of Lorain county, against Fancher, as assignee of the Citizens Savings Bank Company, for the collection of taxes, which, it is averred, stood charged against said banking company upon the books of the auditor of the county. The allegations are that the banking company is a corporation organized under the laws of the state of Ohio for banking purposes, that it is insolvent and that the defendant is the duly appointed and qualified assignee of such insolvent banking company under the laws of Ohio, followed by the averments that $671.92 stands assessed upon the duplicate of the county, as taxes, upon the personal property of this insolvent banking company. The petition further avers that the claim for these taxes was presented to the assignee and that it was rejected; the prayer is that the defendant be ordered to pay these taxes in preference to all other claims which shall be held against the banking company.

Since the result, as we view the case, is the same whether we retain the case on appeal or on error, and since we are inclined to the opinion that the relief sought in the case would involve the equitable jurisdiction of the court, we have decided to and do dismiss the proceeding in error, and proceed to consider the case upon appeal, and the only question which need to be considered in the case is whether the banking company could be held liable for these taxes.   For if it could not, surely the assignee can not be held.

It is provided by Section 2859, Revised Statutes of Ohio, that the treasurer of the county may bring suit against any person against whom any personal taxes shall stand charged, which shall not have been paid within the time prescribed by law for the payment of such taxes.   But, it is urged that the taxes for which this suit is brought were never properly levied against this banking company, and this because of the provisions of the several sections of the statutes relating to the taxing of the capital of incorporated and unincorporated banks in the state of Ohio. By Section 2762, Revised Statutes of Ohio, it is provided that all the shares of the stockholders in banks shall be listed.

By Section 2765, Revised Statutes of Ohio, it is made the duty of the cashier of such bank to make out a return to the auditor of the county in which such bank is located, exhibiting in detail the resources and liabilities of the bank, with a full statement of the names and residences of the stockholders therein, with the number of shares held by each and the par value of each share.

By Section 2766, Revised Statutes of Ohio, it is provided that the auditor, after having fixed the value of the shares by the process set out in these sections, shall make out and transmit to the state board of equalization for banks a copy of the report so made by the cashier.

By Section 2839, Revised Statutes of Ohio, it is provided that taxes assessed on any shares of stock, or the value thereof, of any bank or banking association, shall be and remain a lien on such shares, etc., and that in case of the non-payment of such taxes within the time required by law by any shareholder, and after

notice received from the county treasurer of the non-payment of such taxes, it shall be unlawful for the cashier or other officer of such bank or banking association to transfer or permit to be transferred the whole or any portion of said stock, until the delinquent taxes thereon, together with costs and penalties, shall be paid in full, and no dividend shall be paid on any stock so delinquent, so long as such taxes, penalties and costs or any part thereof, remain due and unpaid.

By Section 2840, Revised Statutes of Ohio, it is provided that it shall be lawful for any such bank or banking association to pay to the treasurer of the county in which such bank or banking association may be located, the taxes that may be assessed upon its shares as aforesaid, in the hands of its shareholders, respectively, and deduct the same from any dividends that may be due or may thereafter become due on any such shares, or deduct the same from any funds in its possession belonging to any shareholder as aforesaid.

From these various provisions of the statutes, it seems clear that the manner of assessing taxes upon stock in Ohio and of collecting the taxes thereon, contemplates the assessment to be made against the shareholders. The cashier of the bank makes a return to the auditor of the property of the bank, but he, at the same time makes a return showing the names and places of residence of the several stockholders, together with the amount of stock held by each. This would seem to be for the purpose of enabling the auditor to fix the amount of taxes to be paid by each; and then the provisions that if the shareholders fail to pay, the taxes shall be a lien upon the several shares, and the stock shall not be transferred, and also the further provision in Section 2840 that the bank may pay the taxes assessed upon its shares in the hands of its shareholders and deduct from each the amount of the taxes paid for him, clearly, is a convenient way of paying taxes when a bank is entirely solvent, and the result would be exactly the same as though the several shareholders paid; but in a case like the present one, where the bank is insolvent, if we were to hold that the assignee should pay these taxes out of the assets of the bank, then we should be taking from the

general creditors the money to pay taxes upon the stock which absolutely is of no value, and which taxes the law seems to contemplate shall be paid by the shareholder, except where, for convenience, the bank chooses to pay them for him.

In the case of *Miller, Treasurer,* v. *The Bank,* 46 O. S., 424, it is said in the syllabus:

"There is no authority in the statutes of the state, nor of the United States, for listing and valuing the shares in a national bank in the aggregate, and placing such aggregate on the tax list in the name of the bank. Such shares, when listed and valued for taxation, are required to be placed on the proper tax list in the names of the respective owners."

And in the opinion in this case, it is clearly shown that the taxation of the stock in national banks is upon the same basis as that of state banks and governed by the same statutes.

We reach the conclusion, therefore, that the petition of the plaintiff must be dismissed.